Davis, J.
The only right of the vendors, under the facts appearing in this case, if any, was to recover the possession of the cat-load of lumber by stoppage in transitu. This they might do at any time while the lumber remained in the possession of the carrier, as carrier. It had been carried to its destination, but it is not claimed that any manual delivery had been made to the consignee. There was no delivery to the consignee unless it was by construction. The facts which are claimed to constitute a constructive delivery, as they appear in an agreed statement of facts, are that the car arrived at its destination, Toledo, Ohio, on February 2, 1895; that the carrier notified the consignee of the arrival of the lumber *560 and that thereafter, up to and including February 7, 1895, the car, with the lumber remaining thereon, remained upon the yard track of the defendant in Toledo, for delivery to the consignee; and that on or about the 7th day of February, 1895, the consignee sold the said car of lumber to the defendant for the sole consideration of a pre-existing indebtednéss, which consisted of the freight charges on the carload of lumber in question and other indebtedness. These facts show no delivery, either manual or constructive, unless the sale by the consignee to the defendant implies it. It does not appear that the consignee paid the freight or in any manner put himself in position to demand and enforce the possession of the lumber; nor does it appear that there was any agreement between the consignee and the defendant by which the former assumed the possession of the lumber and constituted the latter his agent to hold and care for the same. But in the absence of these necessary indications of a constructive delivery to the consignee, the defendant retained the custody and control of the property under a sale which is based partly on the consideration of the freight thereon, which must have been paid before a delivery could be presumed to have taken place, and partly on the consideration of other pre-existing debts, Avhich were admitted by counsel on the oral argument to consist also of unpaid freight bills. Such a sale Ave do not think would constitute the defendant a bona fide purchaser; and we are of the opinion that the lumber Avas still in transit at the time when the plaintiffs gave notice of stoppage in transitu and tendered to defendant the freight due to it for the transportation of the lumber. The case having been twice reported heretofore (5 N. P., 15; 15 C. C., 288) it is unnecessary to review the authorities cited by counsel, nor to cite others.

The judgment of the circuit court is affirmed.